# CHARLES KNITTEL et al., Appellants, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

### St. Louis Court of Appeals, April 5, 1910.

1. **STREET RAILWAYS: Negligence: Killing Child: Motorman's Failure to Keep Vigilant Watch: Evidence Held Sufficient.** In an action against a street railway company for the death of a child run over by one of its cars, evidence that the accident occurred in broad daylight and the view of the street was unobstructed, so that the motorman, had he been looking ahead, as the ordinance required, could have seen the boy as he approached the track, and that after the boy had been run over and was under the wheels, the motorman was not aware of the fact and did not get off his car to see what it had struck until persons on the sidewalk were taking the boy from under it, and that he then inquired of a bystander if it was a dog that was under the car, well nigh conclusively proves he was keeping no watch ahead, but had his attention diverted from the track.

2. ———: ———: ———: **Negligent Speed: Evidence Held Sufficient.** In an action against a street railway company for the death of a child run over by one of its cars, evidence of one who was familiar with the running of cars along that street that the car was running fast—faster than cars usually ran on that street, was sufficient to prove the speed was too high, considering the locality and that a large public school of twenty-four rooms was located about two blocks away and that the children had just been dismissed from it.

3. **APPELLATE PRACTICE: Error in Favor of Appellant.** One may not on appeal complain of error in his favor.

4. **STREET RAILWAYS: Negligence: Killing Child: Evidence: Res Gestae: Spontaneous Utterance of Motorman.** In an action for the death of a child run over by defendant street railway company's car, testimony that almost instantly after the accident defendant's motorman, while lowering the window to look out and see what had happened, asked witness if there was a dog under the car, was part of the *res gestae* and admissible.

## Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED AND REMANDED.

*Lee Sale* for appellants.

(1) The court erred in setting aside the verdict because the statute requires that before granting a new trial the court must be satisfied that an improper verdict was occasioned by the error on account of which the new trial is granted. R. S. 1899, secs. 659, 672, 800, 865. (2) The instructions offered by defendant assumed and conceded that the motorman in charge of the car which ran over plaintiffs' child was the defendant's motorman, that the car in question was defendant's car, and that the track on which the plaintiffs' child ran was defendant's track. This rendered immaterial the failure of plaintiff to produce evidence of the ownership or control. Walsh v. Railroad, 102 Mo. 582. (3) Even if the instructions were open to the objection that they authorized the jury to find ownership of the car in the defendant in the absence of any evidence upon this point, yet, inasmuch as the defendant offered instructions which are open to the same objection, it cannot complain of the action of the court in this respect. 11 Ency. Pl. and Pr., 121; Dunlap v. Griffith, 146 Mo. 283; Lange v. Railroad, 208 Mo. 458; Collier v. Gravin (Neb.), 95 N. W. 842; Kinlen v. Railroad, 216 Mo. 145. (4) The court should have taken judicial notice of the fact that all of the street cars operated in the city of St. Louis at the time of the accident were operated by defendant. Johnson v. Railroad, 104 Mo. App. 588; Kansas v. Pigg, 97 Pac. 859, 19 L. R. A. (N. S.) 848; United States v. Ash, 75 Fed. 651.

*Glendy B. Arnold* for respondent; *Boyle & Priest* of counsel.

(1) The order granting a new trial should be affirmed by this court for the following reasons: First.

Because the order is grounded solely upon the giving of erroneous instructions to the jury, and as it does not appear from the appellants' abstract that the bill of exceptions, preserving the evidence, instructions and exceptions to the order granting a new trial, was signed by the judge who tried the case, this court must indulge the presumption that the order was properly entered. Harding v. Bedoll, 202 Mo. 625; Milling Co. v. St. Louis, 222 Mo. 306. Second. The demurrer to the evidence should have been given because plaintiffs failed to make out a case under the pleadings and the law. Matz v. Railroad, 217 Mo. 298; Reno v. Railroad, 180 Mo. 485. Third. The court erred in giving conflicting instructions. Plaintiffs' second instruction submits the issue of negligence speed and defendant's first instruction withdraws that issue from the jury. There being no evidence of negligent speed this of course, was prejudicial error to the defendant. Hall v. Railroad, 219 Mo. 591; Frank v. Railroad, 57 Mo. App. 181; Bluedorn v. Railroad, 108 Mo. 449. Fourth. Plaintiffs' first and second instructions are erroneous because there is no evidence to support the negligence therein submitted. Stetzler v. Railroad, 210 Mo. 714; Hienzle v. Railroad, 182 Mo. 599. Fifth. The court erred in refusing defendant's fourth, fifth, sixth, seventh and eighth instructions. (2) Defendant's instructions 4, 6 and 8 should have been given. Those instructions were designed to confine the jury to the issues made by the pleadings and evidence by withdrawing from their consideration the unproven charges of negligence contained in the petition. There is not an iota of evidence to prove any of the specifications of negligence withdrawn by those instructions and it was reversible error to refuse them. Campbell v. Railroad, 175 Mo. 161. (3) Defendant's fifth instruction should have been given because the alleged statement of the motorman to Mrs. Kleaver after the accident had occurred, was not part of the *res gestae.* Koenig v. Railroad,

173 Mo. 721; Ruschenberg v. Railroad, 161 Mo. 79. (4) Defendant's seventh instruction refused should have been given in this case because the evidence of plaintiff's witness, Nolting, shows that the boy went on the track about a foot in front of the car, and there is not a scintilla of evidence to show that the car could have been stopped after the danger to the boy was apparent. Masterson v. Transit Co., 204 Mo. 520.

GOODE, J.—Appeal from an order granting a new trial on defendant's motion. The grounds assigned in the order for the court's action in allowing a new trial were, in effect, these: The court had committed error in refusing to sustain a demurrer to plaintiffs' evidence, in giving erroneous instructions for plaintiffs and in giving erroneous instructions on the court's own motion. A memorandum was filed by the court and brought up with the appeal as part of the bill of exceptions, which sets forth the reason why the court deemed it had committed error in the particulars mentioned. Stated briefly, the reason was the court thought plaintiffs had put in no evidence to prove defendant company was operating the street railway car at the time of the accident, or had said car under its control; hence instructions authorizing a verdict against it, if certain facts were found, should not have been given. The action is one to recover damages for the death of a son of plaintiffs who was killed at the age of seven years, by being run over by an electric car on south Broadway in the city of St. Louis, not far from the intersection of said street with Wisconsin avenue. The fatality happened February 27, 1907, and between three and four o'clock in the afternoon. It will be seen an essential ingredient of the cause of action against defendant was, that the latter was in control of and operating the car through its employees and was responsible for their defaults. At the conclu-

sion of the evidence for plaintiffs, the court below intimated doubt whether proof of this requisite fact had been made; whereupon plaintiffs' counsel said he thought sufficient proof had been introduced and that he preferred to stand on the record as it then was, rather than reopen the case. Counsel for defendant refused to waive the point, but said he was in doubt about the proof having been introduced. Thereupon counsel for plaintiffs rested and defendant's counsel declined to introduce any testimony. The case was submitted to the jury under instructions and a verdict was returned in favor of plaintiffs for four thousand dollars. Counsel for plaintiffs concedes in his brief no evidence was introduced to prove ownership of the car by defendant, but contends this point was waived by defendant's counsel by requesting instructions wherein the car was spoken of as "defendant's car," and the motorman who was operating it, as "defendant's motorman." Counsel for defendant has conceded the court was wrong in the reason assigned for ordering a new trial, and that defendant admitted in the instructions it requested, ownership and operation of the car. In view of this contention we will not examine the point, though we must not be deemed even to intimate the court below was wrong in its conclusion. After declining to attempt to support the order for new trial on the theory adopted by the court in granting it, defendant's counsel advances other reasons why the order was right and should be affirmed; and an examination of these reasons will require a fuller statement of the case. The petition assigns four negligent acts as the cause of the catastrophe: First, the motorman failed to keep a vigilant watch ahead, as required by the city ordinance, for children on the track or moving toward it, immediately prior to running over plaintiffs' child; second, failed to handle the brakes and controller of the car so as to enable him to stop on the sudden

appearance of danger to persons on the track or approaching it; third, permitted the car to move at a rate of speed which, under the circumstances, was dangerous and excessive; fourth, negligently permitted the car to run without so adjusting the brakes as to enable him to stop it quickly on the sudden appearance of danger to a person on or approaching the track. The contention is put forward that there was no evidence to support either of those averments of negligence; but we reject this proposition. The evidence well-nigh conclusively proves the motorman was keeping no watch ahead, but had his attention diverted from the track. After the boy had been run over and was under the wheels of the car, the motorman was not aware of the fact and inquired of a woman who was on the sidewalk, if it was a dog that was under the car; or as her testimony suggests, whether it was a dog or a rock. The accident occurred in broad daylight and the view along the street was unobstructed for quite a distance from where the boy was struck, so there was nothing to prevent the motorman from seeing him as he approached the track had the motorman been looking ahead as the municipal ordinance required. The boy walked toward the track from the west side of Broadway and had to proceed about seventeen or eighteen feet from the curb to get on the track. He was a student at the Shepard School, some two blocks away; a large public school of twenty-four rooms, from which the children had just been dismissed. It was the same locality and school which figures in the decision of Schmidt v. Transit Co., 149 Mo. 269, 163 Mo. 645, 50 S. W. 921, 63 S. W. 834. The Supreme Court held in both opinions delivered in said case the locality was one where the presence of children on the railway tracks at dismissal hours was to be expected, and motormen were under the duty to watch for them and be, careful to avoid injuring them. This motorman was so oblivious of what had happened he did not get off the

car to see what it had struck until persons on the sidewalk had reached the car and were taking the boy from under it. As to the issue of excessive speed, a boy witness who was standing on the sidewalk and who was familiar with the running of cars along that street, testified the car was running fast and faster than cars usually ran on that street. This was evidence under the decision of the Schmidt case, supra, to prove the speed was too high, considering the locality. We find no evidence to prove the motorman negligently failed to handle the brakes and controller of the car in such a way as to enable him to stop quickly on the appearance of danger to a person on the track or approaching it. The chance of some one getting into the danger zone had not occurred to the motorman, if the witnesses are to be believed. Neither do we find any evidence tending to show the motorman permitted "the car to run without adjusting the brakes . . . so as to enable him to stop the car quickly on the sudden appearance of danger to a person on or approaching the track." This fourth assignment of negligence is nearly the same as the third one, and how the brakes and other devices to stop the car were adjusted at the time was not in evidence. The cause of the death of the child may have been lack of vigilant watch ahead on the part of the motorman, or the high speed of the car, or both. Issues on those assignments were submitted and ought to have been, according to the decision in the Schmidt case and other decisions; that is, were submitted in instructions granted for plaintiffs. In an instruction given for defendant the court informed the jury there was no evidence of excessive speed. This was an error in favor of defendant of which it cannot be heard to complain. Nevertheless we think on the record before us the grounds for a verdict for plaintiffs should have been restricted to the alleged failure to keep a vigilant watch and operating the car at too high speed. The court is said to have erred

in permitting the woman witness to testify that when the car stopped the motorman asked her, as she stood on the sidewalk, if there was a dog under the car. This evidence was admitted as part of the *res gestae,* but counsel for defendant insist it was not so closely connected with the accident as to be part of the *res gestae,* but was rather in the nature of hearsay and not competent against defendant. It appears to have been a spontaneous utterance of the motorman, made almost instantly after the boy had been run over, as the motorman was lowering the window to look out and ascertain what had happened, and it throws a vivid light on the state of the motorman's mind at the time. [Stoeckman v. Railway, 15 Mo. App. 503.]

The order for new trial is affirmed and the cause remanded. All concur.